UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
RORY O'DONNELL NOONAN,            )
                                  )
        Plaintiff,                )
                                  )
v.                                )   Case No. 17-cv-11273-LTS
                                  )
WILLIAM FRANCIS GALVIN, OFFICE    )
OF THE SECRETARY OF STATE, et al. )
                                  )
        Defendants.               )
                                  )

ORDER ON MOTION TO DISMISS

February 9, 2018

SOROKIN, J.

Rory Noonan filed a complaint against the Massachusetts Commission Against Discrimination ("MCAD") and the Commonwealth's Secretary of State alleging disability discrimination in violation of Title I. Doc. No. 1. Previously, the court dismissed Noonan's claims against MCAD on sovereign immunity grounds, Doc. No. 5, subject to Noonan showing a basis to proceed. See id. Noonan made a filing, Doc. No. 10; however, it does not establish a basis to sue MCAD. Noonan proceeded to serve his complaint against the Secretary of State who now moves to dismiss. Doc. No. 13. Noonan has opposed. Doc. No. 17.

Insofar as Noonan sues the Secretary in his official capacity, the Commonwealth's sovereign immunity recognized by the Eleventh Amendment bars the claim. See Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001) (acknowledging the extension of the Eleventh Amendment to suits by citizens against their own states). Congress did not abrogate the Commonwealth's immunity in Title I, id. at 361-374, and the Secretary has not waived it.

1

Moreover, a suit against an official of the state is a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).[1] The Court notes that the Eleventh Amendment is not a bar to a suit against the Commonwealth in state court.

Insofar as Noonan sues the Secretary in his individual capacity, the complaint fails to state a claim. Title I authorizes suit only against a "covered entity," which is the employer. 42 U.S.C. §§ 12112(a); 12111(2). Noonan's employer was the Massachusetts Historical Commission, a division of the Secretary of State's office. His employer was not the Secretary in his individual private capacity, and Title I does not authorize suits against individuals, Lemire v. Silva, 104 F. Supp. 2d 80, 92 (D. Mass. 2000).

For the foregoing reasons, the Motion to Dismiss (Doc. No. 13) is ALLOWED and this case is DISMISSED.

SO ORDERED.

　/s/ Leo T. Sorokin　　　　
Leo T. Sorokin
United States District Judge

---

[1] Claims for injunctive relief are not barred, Ex parte Young, 209 U.S. 123 (1908), but Noonan's Complaint seeks only money damages, Doc. No. 1 at 8.